UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | : : : | |
| Plaintiffs, | : : | Civil Action No. 2:11-cv-14032-PDB-LJM |
| v. | : : | Hon. Paul D. Borman |
| DEQUINDRE PLAZA, L.L.C., d/b/a County Line Flea Market, County Line Trade Center, and County Line Antique Flea Market and MICHAEL SHOLEM SURNOW and SOON HWA KIM and ASABOR ALI and MARJORIE ESTHER GLOGOWER and Unknown Defendants 1-10 (JOHN DOES), | : : : : : : : : | Hon. Magistrate Judge Laurie J. Michelson |
| Defendant(s). | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFFS COACH, INC. AND COACH SERVICES INC.'S ("COACH") RESPONSE TO DEFENDANTS SURNOW AND DEQUINDRE PLAZA, L.L.C.'S MOTION FOR LEAVE TO AMEND ANSWER**

1

## **ISSUE PRESENTED**

Whether the Court should grant Defendants Dequindre Plaza, L.L.C., and Michael S. Surnow's Motion for Leave to Amend Answer where these Defendants did not exercise reasonable diligence when filing their original Answer as required by Fed. R. Civ. P. 11, and Defendants have not demonstrated a reasonable excuse for their delay in seeking leave to amend.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- *Duggins ex rel. Duggins v. Steak'N Shake, Inc.*, 3 Fed.Appx. 302 (6th Cir. 2001).

- *Serrano v. Cintas Corp.*, 271 F.R.D. 479 (E.D. Mich. 2010).

- *United States v. Midwest Suspension & Brake*, 49 F.3d 1197 (6th Cir. 1995).

- Fed. R. Civ. P. 11.

- Fed. R. Civ. P. 15.

## I.  INTRODUCTION

This case arises from Defendants' sale of counterfeit Coach products from Dequindre Flea Market. In their Answer to Coach's Complaint, Defendants Dequindre Plaza, L.L.C. ("Dequindre Plaza") and Michael Surnow (collectively "the Dequindre defendants") admitted that Dequindre Plaza owns and operates "Dequindre Flea Market" in Warren, Michigan. Based on their admissions that they were proper defendants in this action, a joint discovery plan was agreed to between the Dequindre defendants, Coach and the other defendants in this action. Coach then crafted and served discovery on all defendants. Now, months into discovery, the Dequindre defendants wish to retract their admissions and push the blame for the operation of Dequindre Flea Market on a non-party entity, Westwood Partners II, LLC ("Westwood").

Coach doubts that there is any meaningful distinction between the Dequindre defendants and Westwood, inasmuch as the Dequindre defendants apparently own and control Westwood, and did not draw any distinction between Westwood and themselves when they answered the Complaint. Assuming that Westwood is indeed an independent third party, and not merely an alter ego of the Dequindre defendants, it should be brought in as a third party defendant by the Dequindre defendants under theories of contribution and indemnity. Procedurally, they have chosen an inappropriate and wasteful method to add additional parties to this action.

Moreover, the Dequindre defendants have not demonstrated good cause to amend the pleadings. The idea that their admissions of liability is a simple oversight is ludicrous, as Defendant Surnow is allegedly a principal of both Dequindre Plaza LLC and Westwood, and would know better than anyone which business entity is responsible for the management of the flea market. Moreover, substituting defendants at this stage will prejudice Coach and the other defendants, who have wasted time and resources pursuing discovery that will now need to be

redone. Thus, Coach requests that the Court deny Defendants' motion or, at least, sanction the Dequindre defendants in an amount that will compensate the other parties for their wasted efforts.

## II.     BACKGROUND AND PROCEDURAL HISTORY

On Saturday, November 13, 2010, Coach's investigator entered Dequindre Flea Market, and observed six vendors offering for sale hundreds of counterfeit Coach products. However, Defendants had no license, authority, or permission from Coach to sell products bearing Coach's marks. (D.E. 11, Defs.' Answer, ¶49). Accordingly, Coach sent a cease and desist letter dated November 17, 2010 to the Owner/Manager of Dequindre Flea Market. (D.E. 1, Ex. A to Coach's Compl.). In the correspondence, Coach warned:

> This letter gives you formal notice that the illegal trafficking of counterfeit merchandise bearing one or more of the federally registered trademarks of Coach has been taking place at 20900 Dequindre, Warren, MI 48089, a flea market which you own, by tenants who presently lease and use the premises. If you facilitate the continuation of this conduct by failing to prevent the ongoing criminal enterprise on your property, Coach intends to hold you responsible for all damages and fees incurred as a result. . . .

(*Id*.) Despite Coach's unequivocal warning, the sale of counterfeit Coach products from the Dequindre Flea Market persisted. On July 8, 2011, the flea market was raided by the Warren Police Department culminating in the seizure of more than one hundred counterfeit Coach products. (D.E. 1, ¶37(f),(g)). Coach filed the present litigation on September 15, 2011, including as defendants Mr. Surnow, Dequindre Plaza, and several merchants who sold counterfeit goods at Dequindre's flea market ("the Individual Defendants".)

Defendants Dequindre Plaza and Michael Surnow filed a joint Answer to Coach's Complaint on October 11, 2011. (D.E. 11). In their Answer and in subsequent discovery, Defendants admitted that they received Coach's November 17, 2010 letter (*id.* at ¶37(d); **Exhibit**

**1**, Disc. Resps., Resp. to Req. for Admis. No. 12, p. 16). Further, their Answer stated that Dequindre Plaza "operates a flea market business in the City of Warren, Michigan" (D.E. 11 at ¶7 (emphasis added)) and that it "does business under the assumed name of County Line Flea Market and County Line Trade Center." (*id.* at ¶8). Defendants also admitted that Dequindre Plaza "rents out approximately 100 stalls to individual dealers on a per weekend basis." (*Id.* at ¶9 (emphasis added)). Through conversations with Mr. Surnow's lawyer, Coach learned that the Dequindre defendants would offer a "due diligence" defense – that they had repeatedly forbade the Individual Defendants from selling counterfeits, and the Individual Defendants refused to obey despite Dequindre's best efforts.

Based on Defendants' Answer, Coach crafted and served its first set of discovery on the Individual Defendants, seeking information regarding their communications with the Dequindre defendants, among other issues. (**Exhibit 2**, Coach's First Set of Discovery to Defendants Ali, Glogower, and Kim). Coach also served discovery on Surnow and Dequindre Plaza. (**Exhibit 3**, Coach's First Set of Discovery to Dequindre Plaza L.L.C. and Michael Surnow). Oddly, Defendant Dequindre Plaza, L.L.C. did not respond. Instead, on February 28, 2012, Defendant Surnow and a non-party entity, "Dequindre Investments, LLC[1]," served answers to Coach's discovery. (Ex. 1).

On the same day the responses were served, the Dequindre defendants also filed an amended Answer to Coach's Complaint directly on the docket. Coach was surprised by this filing, as its consent was not sought as required by Rule 15. Even more surprisingly, the amended Answer retracted all the Defendants' previous admissions. For instance, the Dequindre defendants now deny that Dequindre Plaza "owns or operates a flea market at 20900 Dequindre,

---

[1] It is not clear who "Dequindre Investments, LLC" is. According to the Michigan Department of Licensing and Regulatory Affairs Corporation Division Business Entity Search, Dequindre Investments, LLC is not an entity registered with the State. http://www.dleg.state.mi.us/bcs_corp/sr_corp.asp.

Warren, Michigan 48091." (D.E. 25, ¶¶8, 9). Moreover, the Dequindre defendants retracted their prior admission that Dequindre Plaza "has operated Dequindre Flea Market" and now allege, "Since approximately the spring of 2002, Westwood has leased the entire building housing a flea market where it operates a flea market." (*Id.*, ¶37). Their Amended Answer also includes a new affirmative defense and claims to preserve the right to add additional affirmative defenses. (*Id.*, ¶¶9, 10).

The Amended Answer is a complete repudiation of the admissions in their original Answer. The Dequindre defendants did not seek leave of Court before filing their amended Answer. They also did not ask Coach or any Individual Defendants for consent to the amendment, as required by Rule 15 and Local Rule 7.1.

Once Coach's counsel informed counsel of their failure to abide by the Federal and Local Rules, the Dequindre defendants filed the present motion. According to the motion, Westwood Partners II, LLC[2] actually operates and manages the Dequindre Flea Market. Defendants claim they "discovered" that Dequindre Plaza actually is not the manager of the flea market, and characterized their error as "innocent" and "inadvertent." (D.E. 192). Although Surnow claims that Westwood leases the Dequindre Flea Market from Dequindre Plaza, Defendants have not produced a copy of this lease.

### III.  ARGUMENT

**1. Defendants did not Provide a Reasonable Explanation for their Delay**

Fed. R. Civ. P. 15 governs the amendment of pleadings. Although Rule 15(a) indicates that leave to amend shall be freely granted, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d

---

[2] Allegedly, Michael S. Surnow and Jeffrey C. Surnow hold ownership interests in both Dequindre Plaza, LLC and Westwood Plaza, LLC. However, a third individual, Terry Bingham, allegedly also holds an ownership interest Westwood Plaza, LLC. (Def. Response to Interrogatory No. 17; See Affidavit attached to Motion ¶10).

1197, 1202 (6th Cir. 1995). In fact, denial based on delay is appropriate where the moving party is aware of the basis of the claim, yet delays in pursuing the claim and proposes no justification for the delay. *Duggins ex rel. Duggins v. Steak'N Shake, Inc.*, 3 Fed.Appx. 302, 309 (6th Cir. 2001). Also, the "'longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" *Serrano v. Cintas Corp.*, 271 F.R.D. 479, (E.D. Mich. 2010) (*quoting Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

Here, the Dequindre defendants have not provided a reasonable explanation for waiting nearly five months after they filed their Answer before seeking leave to amend. They merely allege that during the course of answering discovery they determined that Westwood is the manager of Dequindre Flea Market and not them. Mr. Surnow is allegedly a principle of both Dequindre Plaza LLC and Westwood, as well as a defendant in his individual capacity. If there was a meaningful distinction between Mr. Surnow and his two business alter egos, he would have been aware of it when answering the initial Complaint. The Dequindre defendants have not provided any evidence that Westwood, Dequindre Plaza LLC, and Mr. Surnow are distinct entities, such that their previous admissions of liability should be set aside. The fact that Westwood may also be liable is not good cause for undoing the Dequindre defendants' admissions.

**II.  Granting Defendants' leave to amend will prejudice Coach and the Individual Defendants, and require changes to the scheduling order.**

Defendants not only admitted liability in their Answer, they also participated in the crafting of the scheduling order. Under that order, which was entered on January 4, 2012, amendments to the pleadings are due March 30, 2012 and discovery closes on June 18, 2012. (D.E. 21). Coach served discovery on all defendants in this action. Coach specifically asked the Individual Defendants about their relationship with the Dequindre defendants. Because of the

8

anticipated "due diligence" defense, Coach also asked about any warnings or directions that the Dequindre defendants may have given regarding the sale of counterfeit goods. Because Coach had no knowledge of Westwood, it did not ask any party any questions about Westwood.

As an initial matter, the possibility of other responsible parties means that Coach will likely need to file an amended complaint naming Westwood and others as defendants[3]. This will require every current Defendant to file amended answers. Coach will also need to serve these new defendants with the complaint and then with discovery, a process that will take several months at least. It will also need to re-serve discovery on all Defendants to ascertain their relationship with Westwood – all before any depositions can take place. It is questionable whether all this can be done within the time frame provided by the current scheduling order.

All of this extra work is unnecessary and expensive. The negligence of the Dequindre defendants has imposed an unfair burden on Coach and on the Individual Defendants, all of whom have advised Coach of their limited financial resources – one reason, perhaps, why they may not file briefs opposing the instant Motion. Any redundant work and inefficiencies are entirely the fault of the Dequindre defendants, who admittedly did not perform a reasonable inquiry into the facts before falsely answering the Complaint. The Dequindre defendants should compensate the other parties for the additional costs and inconvenience caused by their own negligence.[4]

IV. **CONCLUSION**

Based on the foregoing, Coach respectfully requests that the Court deny Defendants' Motion to amend their Answer. The Court should also modify the scheduling order as

---

[3] Mr. Terry Bingham is allegedly a principal of Westwood, along with Mr. Surnow.
[4] Doubtless, Defendants will trumpet Coach's financial resources, as if to suggest that a successful business should have no recourse against the misconduct of others. The Court should note, however, that the Individual Defendants are not as successful as Coach, but will also incur needless costs and expense from Defendants' conduct.

appropriate to allow Coach to bring these new parties into the litigation. The Court should also award Coach its attorneys fees and costs incurred in defending this Motion and in re-doing its discovery.

>Respectfully submitted,
>
>/s/ *Katherine L. Brooks*
>Joe Sadler (P71829)
>Katherine Brooks (P74511)
>WARNER NORCROSS & JUDD LLP
>900 Fifth Third Center
>111 Lyon Street, N.W.
>Grand Rapids, MI  49503
>(616) 752-2271
>jsadler@wnj.com
>kbrooks@wnj.com
>*Attorneys for Plaintiffs*

Dated: March 23, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

Richard T. Taylor
*Attorney for Def. Marjorie Esther Glowgower*
Post Office Box 430696
Pontiac, MI 48343
586-481-5981
Rrttaylor@aol.com

Robert R. Stearns
Shawn J. Coppins
*Attorneys for Asabor Ali*
STEARNS & COPPINS PLLC
12434 E. Twelve Mile Road, Suite 102
Warren, MI 48093
586-751-0700

Arnold S. Weintraub
Weintraub Group
*Attorney for Defendants Dequindre Plaza, LLC and Michael Sholem Surnow*
28580 Orchard Lake Road
Suite 140
Farmington Hills, MI 48334-1569
248-865-9430
aweintraub@weintraubgroup.com

Jay N. Siefman
*Attorney for Defendants Dequindre Plaza, LLC and Michael Sholem Surnow*
Jay N. Siefman, PLC
320 Martin Street, Suite 120
Birmingham, MI 48009
248-851-2288
jay@siefman.com

Ralph C. Simpson
LAW OFFICES OF JANADIA AND JANADIA
*Attorneys for Defendant Soon Hwa Kim*
1300 E. Lafayette, Suite 1804
Detroit, MI 48207
313-638-8098
ralphcts@aol.com

Respectfully Submitted,

Dated: March 23, 2012

  */s/ Katherine Brooks*
Joe Sadler (P71829)
Katherine L. Brooks (P74511)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center, 111 Lyon Street NW
Grand Rapids, Michigan 49503-2487
Telephone: 616.752.2000
Facsimile: 616.752.2500
jsadler@wnj.com

*Attorneys for Plaintiffs*

7982460-2