## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. 2:11-cv-14032-PDB-LJM <br> : <br> : Hon. Paul D. Borman |
| v. | : <br> : |
| DEQUINDRE PLAZA, L.L.C., MICHAEL SHOLEM SURNOW, SOON HWA KIM, ASABOR ALI, and MARJORIE ESTHER GLOGOWER | : <br> : <br> : <br> : |
| Defendant(s). | : <br> : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COACH'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANT SOON HWA KIM

Pursuant to Fed. R. Civ. Proc. 33, 34 and 36, Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach") propound the following Requests for Production, Requests for Admission, and Interrogatories on Defendant Soon Hwa Kim.  Responses shall be provided to the offices of Coach's attorney at the address below within 30 days.

### INSTRUCTIONS

A.     These interrogatories and production requests are deemed to be continuing in nature and should you, your counsel, or anyone representing your interest, acquire any additional knowledge or information which affects the accuracy or completeness of any answer which relates to the matter, such knowledge and information must be transmitted to the Plaintiffs' attorney by way of supplemental answers.  Failure to supplement an answer within a reasonable

time can subject a party to sanctions.  Furthermore you are under a similar duty to correct any

incorrect response when you later learn that it is incorrect.

      B.     The information sought in these discovery requests includes all information

available to you or subject to reasonable inquiry by you, including information in the possession

of you, your agents, representatives, employees, insurers and attorneys.  Regardless of the

manner in which these interrogatories are addressed and regardless of their form, your answers

are to include all information available to you, your attorneys and/or their representatives.

      C.     If a discovery request has subparts, answer each subpart separately and in full,

and do not limit the answer to the interrogatory as a whole.  If an interrogatory or its subpart

cannot be answered in full, answer to the extent possible and specify the reason for the inability

to answer the remainder, stating whatever information and knowledge you have regarding the

unanswered portion.

      D.     Each discovery request shall be construed independently.  No discovery request

shall be construed by reference to any other for the purpose of limiting the response to such

interrogatory.

      E.     An evasive or incomplete answer is deemed to be a failure to answer.

      F.     *Information claimed to be privileged or work product.*  In the event Defendants

object to providing any information requested in the discovery requests on the grounds that it is

privileged or work product, provide the following:

           (1)     state the nature of the privilege or doctrine you claim protects the

information requested;

           (2)     if the objection is in regard to *a communication that is not a document*:

(a)    identify, as defined in the Definitions section of this document, the communication; and

(b)    identify, as defined in the Definitions section of this document, each and every person to whom the substance of the communication has been disclosed.

G    *If you objected to any discovery request, or any portion thereof, on the grounds of annoyance, embarrassment, oppression, or undue burden or expense*, set forth all facts upon which you rely as the basis for your objection.

## DEFINITIONS

A.    "Document" is used in the broadest sense and refers to any form of communication or data storage however produced or reproduced, *whether or not it now exists*. "Document" shall mean, without limitation, any data or information recorded in any form whatever, including all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video or other recordings of communications, oral statements, conversations, or events.  Information stored electronically, in any form, is expressly included.

B.    "Identify" and "identifying" has the following meanings:

(1)    When used in reference to a *document*, it means to state:

(a)    its date and type (letter, memorandum or other form);

(b)    the name and address of its author(s) or preparer(s); and the name and address of his or her current employer(s);

(c)      the name and address of the person(s) to whom the document is addressed or was submitted; and the name and address of his or her current employer(s);

(d)      a brief description of the subject matter or topic of the document;

(e)      the number of pages, with each side on which any written material is present being considered a separate page;

(f)      the document's present location and the name and address of its custodian(s); and the name and address of his or her current employer(s).

(2)      When used in reference to an *individual person*, it means to state:

(a)      the person's full name;

(b)      the person's last known residential address and residential telephone number, and

(c)      the person's last known employer, business address and business telephone number.

(3)      When used in reference to *any entity other than an individual person,* it means to state:

(a)      the entity's full name and nature (e.g. corporation);

(b)      the entity's last known address and telephone number; and

(c)      the state in which the entity has its principal place of business.

(4)      When used in reference to a *communication that is not a document,* it means to state:

(a)      the date of the communication;

(b)      the place where the communication occurred;

(c)     the type of communication (e.g. telephone conversation or in-person meeting);

(d)     the content of the communication;

(e)     the name, residential and business addresses and telephone numbers of all of the parties to the communication; and

(f)     the name, residential and business addresses and telephone numbers of all others who participated in or witnessed the communication.

C.     "Handbag" or "Handbags" shall not mean grocery bags or other bags provided free to customers to carry their purchases.

D.     "Infringing Products" means articles, accessories, or products of any type (including but not limited to handbags, wallets, eyewear, footwear, and watches) bearing the name "Coach" or any of the Marks at Issue.

E.     "Marks at Issue" means any and all marks (including trademarks, trade dresses or copyrights) described in the Complaint, or any marks confusingly similar thereto.

F.     "Plaintiffs" means the plaintiffs in this case, both individually and collectively, as well as their officers, directors, shareholders, predecessors or successors in interest, affiliates, subsidiaries, agents, employees, or any other person acting or purporting to act on their behalf.

G.     "You" means Soon Hwa Kim, any member of her family as well as any agents, employees, or any other person acting or purporting to act on her behalf.

H.     "Dequindre Plaza" means Defendant Dequindre Plaza LLC and any related entities, and any of its owners, members, directors, officer, agents, employees, or any other person acting or purporting to act on its behalf, including Defendant Michael Surnow.

## INTERROGATORIES

1.      State the date on which you began selling Infringing Products.

**ANSWER:**


2.      Identify the number Infringing Products you have sold or otherwise distributed, on a monthly basis, during the last 36 months.  Of these sales, state which occurred at Dequindre Plaza and which occurred elsewhere.

**ANSWER:**


3.      Identify all your agents or employees who, during the last 36 months, have had responsibility for any of the following tasks.  If any of these individuals no longer work for you, please so state.

- purchasing products for resale to consumers.
- keeping records with respect to inventory.
- determining the price to charge for Handbags or Infringing Products.
- selling Handbags or Infringing Products to consumers.

**ANSWER:**


4.      Identify the approximate date on which you began selling merchandise at Dequindre Plaza.

**ANSWER:**


5.      Identify the number of instances in which you sold products at Dequindre Plaza.

**ANSWER:**

6.    Identify the manufacturer(s) or designer(s) of the Infringing Products that you have sold to consumers during the last 36 months or which are in your possession at this time.

**ANSWER:**

7.    Identify all persons or entities from which you have purchased Infringing Products during the last 36 months.

**ANSWER:**

8.    Identify each and every purchase of Infringing Products by you during the last 36 months.

**ANSWER:**

9.    Identify all legal actions which have been brought against you during the past five years, whether civil, criminal or otherwise.

**ANSWER:**

10.    Identify all businesses or business entities in which you have held any interest during the previous five years.

**ANSWER:**

11.    Identify each and every time you have spoken to Dequindre Plaza about the purchase, sale or distribution of counterfeit products.  Specifically, state who you spoke to, what was said, and how many instances occurred prior to November 17, 2010.

**ANSWER:**

12.    Identify each and every time you received written correspondence or documents from Dequindre Plaza about the purchase, sale or distribution of counterfeit products. Specifically, state how many instances occurred prior to November 17, 2010.

**ANSWER:**

13.    Identify all persons who have furnished information or documents for the purpose of responding to these discovery requests.

**ANSWER:**

14.    Identify all email addresses used or owned by you.

**ANSWER:**

15.    Identify all communications that you have had with any party, other than your attorneys, regarding the allegations of the Complaint.

**ANSWER:**

16.    Have you sold, transferred, distributed, disposed of, or otherwise alienated any Infringing Product since this litigation was filed? If so, describe the transaction in detail, including the identification of the parties currently in possession of such items.

**ANSWER:**

17.     Do you have any reason to believe that the merchandise referenced in the Complaint was licensed, manufactured or designed by Coach?  If so, describe the basis for this belief and identify all evidence, including testimony and documents, on which this belief is based.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.     All documents or things that were used or otherwise relied upon in the preparation of your responses to Plaintiffs' Interrogatories or Requests for Admission.

**ANSWER:**

2.     All documents or things evidencing your possession, purchase, distribution or resale of products bearing the Marks at Issue, including all Infringing Products in your possession.

**ANSWER:**

3.     All documents which reflect the profits and revenues received by you from the sale or distribution of the Infringing Products during the last 36 months.

**ANSWER:**

4.     All documents identifying the persons or entities from whom you purchased the Infringing Products during the last 36 months.

**ANSWER:**

5.      All documents or things evidencing communications related to the Infringing

Products.

**ANSWER:**


6.      All documents or things evidencing communications between you and any other

defendant in this case.

**ANSWER:**


7.      All documents pertaining to other legal proceedings concerning your alleged

manufacture, distribution or sale of counterfeit goods, regardless of when such proceedings

transpired.

**ANSWER:**


8.      All documents regarding any accusations of trademark and/or copyright in-

fringement, including, but not limited to the receipt of cease and desist letters, directed toward

you, regardless of the date on which such documents were authored or transmitted.

**ANSWER:**


9.      Your tax returns filed for the previous three years and any amendments or

supplements thereto.

**ANSWER:**

10.     Your existing inventory of goods intended for sale at Dequindre Plaza Flea Market.

**ANSWER:**

11.     Documents sufficient to identify all bank accounts, investment accounts, savings accounts, or any other account into which profits from the sale of Infringing Products may be placed.

**ANSWER:**

## REQUESTS FOR ADMISSION

1.     Admit that you have sold goods to consumers that feature the word "Coach."

**ANSWER:**

2.     Admit that you have sold goods to consumers that have the word "Coach" on the price tag.

**ANSWER:**

3.     Admit that you have sold goods to consumers that display at least one of the Marks at Issue.

**ANSWER:**

4.     Admit that you knew you possessed products bearing at least one of the Marks at Issue prior to July 8, 2011.

**ANSWER:**

-11-

5.      Admit that prior to July 8, 2011 you knew that Coach did not manufacture any products you offered for sale.

**ANSWER:**

6.      Admit that you conducted no investigation into the authenticity of the Infringing Products you offered for sale prior to July 8, 2011.

**ANSWER:**

7.      Admit that you conducted no investigation into the authenticity of the Infringing Products you offered for sale subsequent to July 8, 2011.

**ANSWER:**

8.      Admit that you received monies for the sale of Infringing Products that displayed one or more of the Marks at Issue.

**ANSWER:**

9.      Admit that you have communicated with the manufacturer(s) of the Infringing Products you sold about the allegations of the Complaint.

**ANSWER:**

10.     Admit that you have communicated with the distributors(s) of the Infringing Products you sold about the allegations of the Complaint.

**ANSWER:**


11.     Admit that you have never been licensed to sell or display for sale any products

bearing the Marks at Issue.

**ANSWER:**


12.     Admit that Coach has not manufactured any products you have offered for sale.

If you deny this Request for Admission, state the basis for your belief that the products were

manufactured by Coach.

**ANSWER:**


13.     Admit that you have not communicated with consumers regarding your sale of

alleged counterfeit products.

**ANSWER:**


14.     Admit that you have offered no refunds to consumers regarding your sale of

alleged counterfeit products.

**ANSWER:**


Dated:  January 5, 2012

Joe Sadler (P71829)
Katherine Brooks (P74511)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI  49503
(616) 752-2271

jsadler@wnj.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Joe Sadler states that on January 5, 2012 he caused copies of Coach's First Interrogatories, Requests for Production and Requests for Admission to Defendant Soon Hwa Kim to be deposited in the U.S. Mail with postage fully prepaid upon:

Richard T. Taylor
PO Box 430696
Pontiac, MI  48343

Ralph C. Simpson
Gary D. Janadia
Law Offices of Janadia and Janadia
1300 E. Lafayette, Suite 1804
Detroit, MI  48207

Robert R. Stearns
Shawn J. Coppins
Stearns & Coppins PLLC
12434 E. Twelve Mile Rd. Suite 102
Warren, MI  48093

Jay N. Siefman
Jay N. Siefman, PLC
30833 Northwestern Hwy., Ste. 205
Farmington Hills, MI  48334

_____
Joe Sadler

5937077-3

-14-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

COACH, INC. and COACH SERVICES,
INC.,

                 Plaintiffs,

v.

DEQUINDRE PLAZA, L.L.C., MICHAEL
SHOLEM SURNOW, SOON HWA KIM,
ASABOR ALI, and MARJORIE ESTHER
GLOGOWER

            Defendant(s).

Civil Action No. 2:11-cv-14032-PDB-LJM

Hon. Paul D. Borman

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COACH'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANT ASABOR ALI

Pursuant to Fed. R. Civ. Proc. 33, 34 and 36, Plaintiffs Coach, Inc. and Coach Services,

Inc. (collectively, "Coach") propound the following Requests for Production, Requests for

Admission, and Interrogatories on Defendant Asabor Ali.  Responses shall be provided to the

offices of Coach's attorney at the address below within 30 days.

### INSTRUCTIONS

A.      These interrogatories and production requests are deemed to be continuing in

nature and should you, your counsel, or anyone representing your interest, acquire any additional

knowledge or information which affects the accuracy or completeness of any answer which

relates to the matter, such knowledge and information must be transmitted to the Plaintiffs'

attorney by way of supplemental answers.  Failure to supplement an answer within a reasonable

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COACH, INC. and COACH SERVICES,
INC.,

                Plaintiffs,

v.

DEQUINDRE PLAZA, L.L.C., MICHAEL
SHOLEM SURNOW, SOON HWA KIM,
ASABOR ALI, and MARJORIE ESTHER
GLOGOWER

                Defendant(s).

Civil Action No. 2:11-cv-14032-PDB-LJM

Hon. Paul D. Borman

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COACH'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANT MARJORIE ESTHER GLOGOWER

Pursuant to Fed. R. Civ. Proc. 33, 34 and 36, Plaintiffs Coach, Inc. and Coach Services,

Inc. (collectively, "Coach") propound the following Requests for Production, Requests for

Admission, and Interrogatories on Defendant Margaret Esther Glogower.  Responses shall be

provided to the offices of Coach's attorney at the address below within 30 days.

### INSTRUCTIONS

A.      These interrogatories and production requests are deemed to be continuing in

nature and should you, your counsel, or anyone representing your interest, acquire any additional

knowledge or information which affects the accuracy or completeness of any answer which

relates to the matter, such knowledge and information must be transmitted to the Plaintiffs'

attorney by way of supplemental answers.  Failure to supplement an answer within a reasonable