UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC. and COACH SERVICES, INC.,

          Plaintiffs,

Case No. 11-cv-14032

Paul D. Borman
United States District Judge

v.

Laurie J. Michelson
United States Magistrate Judge

DEQUINDRE PLAZA, L.L.C., MICHAEL SHOLEM SURNOW, SOON HWA KIM, ASABOR ALI, MARJORIE ESTHER GLOGOWER, JEFFREY C. SURNOW, TERRY BINGHAM, and WESTWOOD PARTNERS II, L.L.C.,

          Defendants.

_____/

<u>OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S MARCH 25, 2013 REPORT AND RECOMMENDATION (ECF NO. 115) ; (2) DENYING THE DEQUINDRE DEFENDANTS' MOTION FOR SPOLIATION SANCTIONS (ECF NO. 95); AND (3) DENYING DEFENDANTS' REQUEST FOR AN EVIDENTIARY HEARING (ECF NO. 124)</u>

This matter is before the Court on Defendants Dequindre Plaza, L.L.C., Michael Surnow, Jeffrey Surnow, and Terry Bingham (collectively "the Dequindre Defendants") Objections to Magistrate Judge Michelson's March 25, 2013 Report and Recommendation. (ECF No. 116, Sealed Objections.) Also before the Court is the Dequindre Defendants' Request for an Evidentiary Hearing on Their Objections. (ECF No. 124.) Having considered *de novo* those portions of the Report and Recommendation to which timely objections have been filed, the Court DENIES the Objections, ADOPTS the Report and Recommendation, DENIES the motion for spoliation sanctions

1

and DENIES the request for an evidentiary hearing.

## I. FACTUAL BACKGROUND

The factual background is thoroughly set forth by the Magistrate Judge in her Report and Recommendation and the Court adopts those portions of the Report and Recommendation. (Report and Recommendation at 1-7.)

## II. STANDARD OF REVIEW

A district court judge reviews de novo the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519–20 (6th Cir. 1999). "[A] party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.

*Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III.  ANALYSIS

Having considered *de novo* those portions of the Report and Recommendation to which specific objections were filed, the Court concludes that Magistrate Judge Michelson properly evaluated the factors governing the sanctions available for spoliation of evidence and properly denied the sanctions sought by the Dequindre Defendants in their motion. *See Byrd v. Alpha Alliance Ins. Corp*., No. 12-5400, 2013 WL 1223886, at *6 (6th Cir. March 26, 2013) (finding sanction of dismissal for destruction of relevant evidence "excessively harsh in light of other available options, such as an adverse inference instruction"). The Court will consider a request to issue an adverse inference instruction as the case proceeds to trial.

### IV.  CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation (ECF No. 115), DENIES the Motion for Spoliation Sanctions (ECF No. 95) and DENIES the request for an evidentiary

3

hearing (ECF No. 124).

IT IS SO ORDERED.

              s/Paul D. Borman
              PAUL D. BORMAN
              UNITED STATES DISTRICT JUDGE

Dated: May 16, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing judgment was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2013.

            s/Deborah R. Tofil
            Deborah R. Tofil